[Civ. No. 69135. Second Dist., Div. Four. Nov. 1, 1983.]

THEODORE S. SCHNEIDER et al., Plaintiffs and Appellants, v.
AMPLIFLO CORPORATION et al., Defendants and Respondents.

**COUNSEL**

Rink & Grossman and Lawrence J. Rink for Plaintiffs and Appellants.

Joel F. Tamraz for Defendants and Respondents.

**OPINION**

**KINGSLEY, J.**—Plaintiffs appeal from an order denying a preliminary injunction in an action for declaratory and other relief. We affirm.

Plaintiffs sold to defendant Ampliflo Corporation, two adjoining unimproved lots, taking back two notes one for $130,000 and one for $69,584.17, secured by deeds of trust on the two lots. The complaint alleges that the agreement between plaintiffs and the buyer was that the buyer would improve the property as a motor home park. The escrow instructions provided that plaintiffs would, on request, agree to subordinate their trust deeds to trust deeds securing loans to the buyer for the money to be used for development of, and construction on, the property. However, the trust deeds themselves contained only a brief reference to such subordination. The language, contained at the end of a long paragraph dealing with the terms of payment of the purchase money loans, was as follows: "Subordination clause, Note will subordinate to first, a Development Loan or a Construction Loan either or both upon request of the buyer."

Thereafter, the buyer secured the loan herein involved, in the amount of $110,000, secured by another trust deed on the property. This subsequent loan was obtained, only on the agreement that the buyer would secure a subordination of plaintiffs' trust deeds to the trust deed securing the additional loan. At the request of the buyer, plaintiffs executed two subordination agreements, only the last of which is herein relied on. The subordination agreement executed by plaintiffs contained, in its body, no limitation on use of the money borrowed; it did contain, at the end, immediately above the signatures, and in capital letters, the following:

"NOTICE: THIS SUBORDINATION AGREEMENT CONTAINS A PROVISION WHICH ALLOWS THE PERSON OBLIGATED ON YOUR REAL PROPERTY SECURITY TO OBTAIN A LOAN A PORTION OF WHICH MAY BE EXPENDED FOR OTHER PURPOSES THAN IMPROVEMENT OF THE LAND."

The buyer is in default on the later loan, notice of default has duly been given, and the lender proposes to foreclose. Plaintiffs have sued seeking various relief, including a request for a temporary injunction which was denied. Plaintiffs have appealed from that denial. We affirm.

Relying on *Handy* v. *Gordon* (1967) 65 Cal.2d 578 [55 Cal.Rptr. 769, 422 P.2d 329, 26 A.L.R.3d 848], plaintiffs contend that the subordination agreement was unenforceable because it did not spell out the terms of the note and trust deed to which it was being subordinated. However, that case is of no help to plaintiffs here. *Handy* was a suit for specific performance, not a foreclosure. It denied specific performance because the Supreme Court held that, because of that uncertainty, *specific performance was barred by section 3391 of the Civil Code.*[1] That is not a holding that a subordination clause such as is herein involved is not enforceable by other means.

Secondly, plaintiffs rely on our decision in *Miller* v. *Citizens Sav. & Loan Assn.* (1967) 248 Cal.App.2d 659 [56 Cal.Rptr. 844], as rendering the trust deed unenforceable because it did not require application of the proceeds to the purposes envisaged by the escrow instructions, and the language in the deed of trust given to plaintiffs. Although *Miller* does require that both documents be read together, the language in the subordination agreement is express that the loan proceeds need not be applied as the escrow instructions and the first trust deed contemplated. In *Miller* no such express variation existed; here one does. As we said in *Miller* at page 663: "While it may

---

[1] "Thus, the contract leaves defendants with nothing but plaintiff's good faith and business judgment to insure them that they will ever receive anything for conveying their land. Such a contract is not as to them 'just and reasonable' within the meaning of Civil Code section 3391."

not be impossible that a vendor has agreed to subordinate his purchase money lien to a lien secured by the purchaser to be used for purposes entirely apart from the mutual enterprise, such an arrangement would be so unusual and so unlikely that we would require it to be spelled out with particularity.''

We recognize that the language here before us permits only "a portion" of the loan proceeds to be devoted to purposes unconnected with the development of the property. Whether, after the foreclosure sale, any portion of the sale proceeds must be given to plaintiffs is a matter to be determined in the underlying lawsuit. The limiting language does not prevent the foreclosure sale.

The order appealed from is affirmed.

Woods, P. J., and McClosky, J., concurred.